FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANA I.[1],<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 1:21-CV-03121-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 14, and Defendant's Motion for Summary Judgment, ECF No. 15. The motions were heard without oral argument. Plaintiff is represented by D. James Tree, and Defendant is represented by Justin Martin and Brian Donovan.

**Jurisdiction**

On August 25, 2015, Plaintiff filed an application for Title II disability insurance benefits, alleging disability beginning March 1, 2014.[2]

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] Plaintiff previously filed a Title II claim on November 16, 2011, which was denied initially and upon reconsideration. On October 23, 2013, the ALJ issued a

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Plaintiff's application was denied initially and on reconsideration.[3] On May 13, 2021, Plaintiff testified at a telephonic hearing held before an ALJ, with the assistance of Robert Tree. John Macleod, vocational expert also participated. The ALJ issued a decision on July 24, 2021, finding that Plaintiff was not disabled.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on September 24, 2021. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

---

decision, finding Plaintiff not disabled. She appealed and the district court affirmed the ALJ's decision. See 1:15-cv-03088-JTR, ECF No. 21.

[3] The ALJ issued an unfavorable decision on June 12, 2018, Plaintiff sought review of the denial from the United States District Court for the Eastern District of Washington, which granted a stipulated motion for remand on February 3, 2020. See 1:19-CV-03125-FVS, ECF No. 13.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**Statement of Facts**

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here.

Plaintiff is married and lives with her husband, her dog, cats and chickens. She has prior work as a medical transcriptionist. She stopped working because it became too painful to sit all day. She completed the ninth grade, obtained her GED, and has some college courses.

Plaintiff had back surgery in October 2015. However, her pain persisted and in June 2016, she was assessed as having failed back surgical syndrome. She was diagnosed with fibromyalgia/chronic fatigue and has pain in her lower back, left buttock, left SI Joint, and left hip bursa. She has bone spurs in her neck. She also suffers from kidney disease and adrenal fatigue.

Plaintiff described her average day as arising before the sun comes up. On a good day, she can get dressed, do dishes and laundry and go to the store. Even so, around noon or 1 p.m., she gets fatigued and needs to lie down. On bad days, she cannot get up and instead spends the day in bed. She testified that she has bad days around three to four times a month. She testified that if she pushes herself too hard physically, it will wipe her out and she will need to rest and sleep. She uses a CPAP and she is able to sleep 12 hours at night but she usually naps during the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

day.

She indicated she would have a hard time completing repetitive tasks and she would have difficulty with standing or sitting too long.

### The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act on December 31, 2017. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from her alleged onset date of March 1, 2014, through her date last insured of December 31, 2017.[4] AR 675.

At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine; sleep apnea, chronic kidney disease; left hip bursitis; fibromyalgia and/or chronic pain syndrome and obesity.[5] AR 676.

---

[4] There are references in the record to earnings for 2016. It appears that Plaintiff received a settlement from her employer as a result of a Fair Labor Standards Act action that she filed in 2015. *See* 4:15-CV-05057-SAB, ECF No. 22.

[5] The ALJ found while the record mentions IBS, chronic fatigue syndrome, and depressive disorder/situational adjustment disorder from time to time, it shows that through December 31, 2017, the date last insured, these impairments occurred only sporadically and were acute/transient or responsive to treatment. AR 676. Additionally, the ALJ found these impairments did not cause significant limitations in functioning or did not last for a continuous period of 12 months between the alleged onset date and the date last insured. AR 676. The ALJ found that the alleged severe impairments of carpel tunnel syndrome was non-severe because it was successfully treated within 12 months of onset. AR 677. Finally, the ALJ found that Plaintiff's alleged mental impairments did not cause more than minimal limitation in her ability to perform basic mental work activities and therefore were non-severe. AR 679.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 681. The ALJ considered Listings 1.15, 1.16, 3.02, 3.09, 6.03, 6.04, 6.05, and 14.09. AR 681. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> perform light work as defined in 20 CFR 404.1567(b) except the following. She could lift and carry twenty pounds occasionally and ten pounds frequently; standing and/or walking limited to two hours in an eight-hour workday, sitting is unlimited except the individual would need to be able to stand and stretch at least once between regular breaks and take normal work breaks every two hours. She could occasionally climb stairs and ramps but should never climb ladders, rope, or scaffolds; could frequently balance and occasionally stoop. She could frequently reach but she had no limit in handling and fingering. She should avoid concentrated exposure to extreme cold, excessive vibration, pulmonary irritants (such as fumes, odors, gases or poor ventilation), and workplace hazards (such as working with moving/dangerous machinery and unprotected heights).

AR 682-83.

At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a transcribing machine operator, and as such, she was not disabled through December 31, 2017. AR 690-91.

## Issues for Review

1. Whether the ALJ properly rejected Plaintiff's symptom testimony?
2. Whether the ALJ properly evaluated the medical opinion evidence?

## Analysis

Because Plaintiff's date last insured is through December 31, 2017, Plaintiff was required to establish disability on or before December 31, 2017 to be entitled to disability benefits.

### 1. Plaintiff's Fibromyalgia

Although the ALJ determined that Plaintiff had a severe impairment of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

fibromyalgia and/or chronic pain syndrome, it failed to discuss the effect this impairment had on Plaintiff's ability to sustain full time work.

"Fibromyalgia is 'a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue.'" *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004)). The Ninth Circuit has recognized that fibromyalgia is diagnosed primarily based on the patient's self-reported symptoms. *Id.* And there are no laboratory tests to confirm the diagnosis. *Benecke*, 379 F.3d at 590. Typical symptoms include "chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue." *Id*. at 590. That said, generally those suffering from fibromyalgia have muscle strength, sensory functions and reflexes that are normal. *Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001) (Ferguson, J., dissenting)

When a claimant has established a fibromyalgia diagnosis the ALJ is required to consider the longitudinal record. *Id*. at 657 (noting SSR 12-2p "warns that after a claimant has established a diagnosis of fibromyalgia, an analysis of her RFC should consider 'a longitudinal record whenever possible'"). SSR 12-2p recognizes that the symptoms of fibromyalgia "wax and wane," and that a person may have "bad days and good days." SSR 12-2p, 2012 WL 3104869, at *6. This means that while there were normal findings in some—but not all—objective physical exams, these findings do not contradict Plaintiff's statements regarding the effects of her fibromyalgia. Rather, her testimony regarding her good days and bad days is consistent with her diagnosis of fibromyalgia.

The ALJ failed to consider the unique characteristics of fibromyalgia. This failure then affected the review of Plaintiff's testimony and the opinions of Dr. Teerink and PA-C Murphy, as discussed below. *See Revels*, 874 F.3d at 662 ("In evaluating where a claimant's residual functional capacity renders them disabled

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods, as described in SSR 12-2P and *Beneke*. The failure to do so is error.").

### 2. The ALJ's evaluation of Plaintiff's Symptom Testimony

The ALJ concluded the "relatively benign objective findings and benign presentations through the date last insured do not corroborate [Plaintiff's] report of severe restrictions." The ALJ reviewed the records and found Plaintiff's contemporaneous reports to her medical providers about her condition and those provider's observations demonstrated that her impairments were not as severe as alleged. The ALJ discounted Plaintiff's testimony that she needed to walk with a walker because in September 2016 she demonstrated intact gait within minimal assistance and because she frequently displayed a normal, steady gait at her medical appointments.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin* 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Here, the ALJ failed to provide clear and convincing reasons supported by substantial evidence in the record for discounting Plaintiff's testimony. Although in January 2016, Plaintiff indicated that the surgery made her feel 85% better, she has never achieved 100% results or was pain free at any time through the date last insured. After her surgery, treatment providers routinely observed pain and discomfort when she was sitting. In May 2017, Plaintiff indicated that her medications *moderately* worked. Notably, she was taking Percocet and using Lidocaine patches at the time. Thus, when Plaintiff reported that the pain

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

medication helped her, she was taking significant amounts of pain medication to achieve those results and was never pain free.

The record also indicates that while she is able to obtain a full night's sleep with the help of the CPAP, she also routinely takes naps during the day, which is consistent with her testimony. While the ALJ acknowledged the objective record shows moderate cervical degenerative disease, it failed to determine whether this evidence could cause Plaintiff's pain.

The ALJ's characterization of the medical treatment records as benign is not supported by substantial evidence in the record, and therefore cannot be used to discount Plaintiff's symptom testimony, especially given that the ALJ failed to account for Plaintiff's fibromyalgia diagnosis.

Finally, the ALJ erred in finding that Plaintiff's was not credible since she reported that she could watch television, drive, and sit most of the day because the record actually indicates the opposite, namely that Plaintiff cannot sit for any length of time, and she does not drive that often. Rather, she spent time laying on her side with pillows and her pain is aggravated by sitting.

The ALJ's failure to credit Plaintiff's testimony was error because it was not supported by substantial evidence and it did not consider her testimony in light of her fibromyalgia diagnosis.

### 2. The ALJ's evaluation of the medical opinion evidence

The medical opinion of a claimant's treating physician is given "controlling weight" as long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

specialization of the physician. § 404.1527(c)(2)-(6). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 675 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

### A. Dr. Teerink – Physician Assistant Murphy

In June 2016, Dr. Teerink opined that Plaintiff would miss on the average 4 or more days per month due to fibromyalgia flares, as well as pain due to the increased physical demands. He concluded that she would be unable to meet the demands of full-time sedentary work because sitting and/or standing for any length of time causes pain. In April 2017, Dr. Teerink wrote a letter in which he indicated that Plaintiff should be excused from jury duty because she has chronic low back pain and fibromyalgia which make it difficult for her to sit for extended periods of time.

In May 2017, Physician Assistant Marylou Murphy completed a Medical Report indicating that Plaintiff would have to lie down during the day, depending on what activities were involved. She explained the more challenging the activity, the more rest time would be needed. She indicated that standing and sitting for any length of time causes back and left SI joint pain. Additionally, too much walking causes left SI joint and lower back pain. She also noted that Plaintiff had tingling and numbness in her left shoulder. She indicated that Plaintiff would miss 4 or more days per month due to her fibromyalgia.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

The ALJ gave limited weight to Dr. Teerink's June 2016 opinion and Ms. Murphy's May 2017 opinion because it believed the opinions were not consistent with the record as a whole, including the objective findings, Plaintiff's physical treatment, her documented daily activities, such as doing household chores and driving a car, as well as her performances at the appointments and physical examinations. The ALJ relied on observations made in medical appointments that noted normal or steady gait, normal/near normal range of motion of the lumbar spine; normal/near normal range of motion of the cervical spine and upper extremities; normal/close to normal motor strength of the cervical spine, upper extremities, bilateral hips and lower extremities, with the exception of a finding of reduced motor strength in the left hip in February 2016. The ALJ noted the record does not contain sufficient evidence to support that Plaintiff had ongoing IBS symptoms or pain and other symptoms that would render her to miss four or more workdays per month and her 2015 surgery alleviated her leg pain and improved her back pain.

The ALJ concluded these opinions were not consistent with these treatment providers' notes, which the ALJ believed contained only superficial physical examination findings that frequently showed that Plaintiff was not in acute distress and she regularly reported that medications held control her pain and helped with her daily activities. *Id.*

The ALJ's treatment of Dr. Teerink's and Physician Assistant Murphy's opinions was flawed because it failed to consider the unique characteristics of fibromyalgia in reviewing the opinions. When viewing the opinions through this lens, it is clear their opinions are supported by the fibromyalgia diagnosis and their treatment records. Both of these treatment providers concluded Plaintiff would miss four or more days a month due to fibromyalgia flares. Both of these treatment providers prescribed significant pain medication to Plaintiff to assist with the management of the pain caused by the fibromyalgia flareups.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

### 3. Conclusion

Substantial evidence does not support the ALJ's decision. Notably, the ALJ erred in failing to consider the unique characteristics of fibromyalgia in evaluating Plaintiff's testimony as well as the testimony of her treatment providers, Dr. Teerink and Physician Assistant Murphy.

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. *Revels*, 874 F.3d at 668 (quotation omitted). Here, the record has been fully developed and further administrative proceedings would serve no useful purpose. If the ALJ properly credited the opinions of Dr. Teerink and Physician Assistant Murphy, it would be required to find that Plaintiff is disabled on remand because it is clear that she would miss more than 4 days a month due to her fibromyalgia. As such, remand for an immediate calculation and award of benefits is required.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, No. 14, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, No. 15, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** for an immediate calculation and award of benefits.

//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 13th day of June 2022.

Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15**